AYERIDGE *vs.* THE TOWN COMMISSIONERS OF SOCIAL CIRCLE.

The act of 1869, incorporating the town of Social Circle, and empowering the town authorities to levy a tax on realty alone, is not modified by the general act of 1872, to prescribe the manner of incorporating towns and villages in this state, in so far as to enlarge the taxing power conferred by the charter of 1869; the provision in respect to the enlargement of such powers in towns incorporated before 1872, not being indicated in the title of the act of 1872, and said act to that extent being therefore unconstitutional: nor is the defect in the act of 1872, healed by the amendment of the caption thereof by the act of 1874, inasmuch as the two acts construed together as one, clearly contain two subjects matter, leaving the act still repugnant to the constitutional provision on that subject.

Municipal corporations. Laws. Constitutional law. Tax. Before Judge RICE. Walton Superior Court. August Term, 1877.

Reported in the opinion.

J. A. BILLUPS; A. S. FLORENCE, for plaintiff in error.

HENRY D. McDANIEL; F. SPEARMAN, for defendants.

JACKSON, Judge.

The town authorities of Social Circle levied a tax upon the real and personal estate of Ayeridge within the town.

Ayeridge filed an affidavit of illegality on the levy of the *fi. fa.*; it was overruled, and the case went to the superior court by *certiorari*. That court dismissed the *certiorari*, and the case was brought here by writ of error. The question is, did the town authorities have the power to assess the tax?

By the charter of Social Circle—acts of 1869, page 92,· the commissioners may levy a property tax on real estate alone—and, by that charter, they are not empowered to tax any other property, and real estate only to the extent of one-third of the state tax on that property.

In 1872, an act was passed " to prescribe the manner of incorporating towns and villages in this state," which enacts that that act is confined to towns and villages hereafter established, " except that the council of a town or village heretofore established, may exercise all the powers conferred by this act, although the same may not be conferred by their charter, and as far as this act confers powers on a town or village not conferred by the charter of such town or village, the same shall be deemed an amendment to said charter."

It is contended that as this act gives power to tax realty and personalty both, and as the commissioners followed this act, the tax is legal. We think not. The title of the act has reference only to the " manner of incorporating towns and villages." In such an act, under such a title, no legislator would expect to find an amendment to all charters already existing, and the act is repugnant to the constitution which requires the title to indicate the outline of the legis-

lation enacted. See acts of 1872, p.16 ; constitution, Code, §5056. This matter is different from what the title expresses, and in so far as it amends the charter, it is unconstitutional.

But it is said that the act of 1874 saves it from being repugnant to the constitution.

That act—see acts of 1874, p.46—is entitled " an act to amend the caption of an act entitled ' an act to prescribe the manner of incorporating towns and villages in this state, and to re-enact said act ; ' " and the act of 1874 goes on to amend the act of 1872 by adding to its caption these words, "and to authorize towns and villages heretofore incorporated to exercise all the powers conferred by this act."

Perhaps this amendment does make the title express the subjects matter of the act, and thus frees it from the objection to it on that point ; but it then makes it all the more plain that the act of 1872 contains two subjects matter, to-wit, one to provide the manner in future of incorporating towns and villages, and the other to confer additional powers upon, or make amendments to, the charters of all towns and villages theretofore incorporated. The same provision or section of the constitution of 1868, declares that an act shall *not refer to more than one subject matter.* Code, §5056.

This refers to two directly, and to a multitude indirectly, inasmuch as it amends all prior charters, and brings this case within the principle ruled in 49 *Ga.*, 232 ; 50 *Ga.*, 374·

The judgment dismissing the *certiorari* and sustaining the tax must therefore be reversed, and the superior court will give such direction to the case as will enforce this decision.

Judgment reversed.