## Town of Douglasville *vs.* Johns.

1. A town, whose charter embraces section 789 of the Code, has authority to issue license to retail spirituous liquors and to tax therefor.
2. If one who has paid such tax seeks to recover it back, it is for him to show that the ordinance imposing the license fee or tax under the authority of the charter was illegally passed. Having paid the money and seeking to recover it, the *onus* is on the plaintiff; the presumption is that the ordinance follows the charter, and if it does not, the plaintiff must show it.
3. It matters not that the act of 1872, so far as it affects pre-existing charters and amends them, be unconstitutional as decided in 60 *Ga.*, 404, if its provisions, codified from sections 774 to 797 inclusive, be by charter granted in 1875, incorporated therein, they become part of the charter so granted at that time and are as valid as any other part thereof.

Municipal corporations. Powers. Taxe. *Onus pro-*

*bandi.*    Constitutional law.    Before Judge Buchanan·
Douglas Superior Court.    July Adjourned Term, 1879.

Johns brought suit against the town of Douglasville to recover $225.00 with interest, alleging that he had paid that amount for license to retail liquor in the town, and that the latter had no authority to exact it.    Defendant pleaded the general issue.

The evidence was, in brief, as follows : In October, 1875, Johns went to Douglasville for the purpose of engaging in the retail liquor trade.    Before he could engage in the business, he was required to pay a license tax at the rate of one hundred and fifty dollars a year; and on October 5, 1875, he paid the sum of $37.50 for a license to January 5, 1876 ; on that day, he gave promissory notes, payable quarterly, for his license to January 5, 1877 ; and on the last named date, he paid $37.50 for the next quarter's license. The promissory notes have all been paid voluntarily; none of them were paid until after due, and some of them had been placed in the hands of a justice of the peace for suit; the marshal made the collections, and turned the money over to the treasurer.

The jury found the plaintiff $225.00 besides interest. Defendant moved for a new trial on the following, among other grounds :

(1.) Because the verdict is contrary to law and the evidence.

(2.) Because the court rejected the ordinance of March 10, 1875, amended October 4, 1875, imposing a license tax of $150.00 per annum on retailers.    This ruling was based on the ground that the council had no power to make such an ordinance at the time it was passed.

(3.) Because the court charged, in effect, that prior to February 1876, the town had no authority to require such a tax, and if any was so required and collected, it was illegal, and plaintiff could recover the amount paid with interest; that although since February 1876, the town had

a charter power to assess such a tax, yet not having since then passed any ordinance for that purpose, a requirement and collection of the tax without such ordinance would be illegal, and money so paid could be recovered, with interest.

The motion was overruled, and defendant excepted.

For the other facts, see the opinion.

P. H. BREWSTER; EDGE & RICHARDS, for plaintiff in error.

J. S. JAMES; ROBERT A. MASSEY, for defendant.

JACKSON, Justice.

The town of Douglasville exacted a license fee or tax for retailing liquors at the rate of $150.00 per annum from the defendant in error, Johns; whereupon he sued the town to recover the money paid, and the jury found for him $225.00 principal, and $38.41 interest. The town moved for a new trial, and on its refusal excepted and brought the case to this court.

1. The main question is, did the town have the right to exact the license tax? That is to be answered by its charter. The charter is found in acts of 1875, p. 162, and in acts of 1876, p. 25, and in the Code, sections 774 to 797 inclusive. The act of 1876 incorporates these provisions of the Code into the charter of the town and makes them part thereof. Section 783 is thus made part of the charter, and that section is as follows:

" Whenever anything for which state license is required, is to be done within such town or village, the council may require a town or village license therefor, and may impose a tax thereon, for the use of the town or village, and may require a bond with sureties conditioned as prescribed in section 779, payable to such town or village, in such penalty as it may think proper, and may revoke such license at any time if the condition of said bond be broken."

It is argued for defendant in error, that inasmuch as the state allowed the counties to issue these licenses by section 529 of the Code, until the act of February 25, 1876, therefore the words, "state license," did not authorize or embrace, or confer the power on the town to license; and so the court below seemed to have held. But we think that the section cited does empower the town to tax and license retailers. The state operates through counties. The practical administration of justice and execution of law is entrusted by it to the counties. County license to retailers is by authority of the state and for the state, and the people thereof residing in that part of it embraced within the counties; and in this particular section the intention of the legislature was to confer the power upon towns to tax for such license therein, whenever the state through the counties required such a license. The words would be without meaning otherwise.

Indeed, such has ever been the law of Georgia, see Cobb's Digest, p. 1038–39, acts of 1809 and 1838; and it seems to us clear that such was the intention of this section of the Code, being part of the act of 1872, and made part of this charter. Construing all our legislation *in pari materia* and gathering light from our past history, all doubt vanishes. Hence the penal code prescribes punishment for retailing without license and has done so time out of mind, and the indictment had to negative the idea that the retailer had been licensed by a town or city. Cobb, 818; Code, §4565. We therefore hold that the power to levy this tax or license charge, is conferred by its charter on the town of Douglasville.

2. Has the town exercised the power? The defendant in error has paid the tax and now seeks to recover it. The town exacted it of him. The presumption is that it passed an ordinance levying the tax or its marshal would not have collected it, nor would the defendant in error have paid it. As he seeks to get back money illegally exacted from him as he charges, he must show that it was illegally exacted. It

is upon him to produce the minute book, and show wherein the ordinance was not legally enacted. He holds the affirmative. The town has the money. To get it he must show it has it wrongfully, and wrongfully took it from him. Therefore, we hold that it was for him, not for the town, to introduce the proper book—minute book—and to show that the power conferred by the charter was illegally exercised.

3. It matters not that the act of 1872—embraced in these provisions or sections of the Code—from 774 to 797—is unconstitutional, so far as it undertook to amend charters, as held in 60 *Ga.*, 404. The charter granted Douglassville in 1876, put these provisions in its organic law and made them part of itself. The legislature might have taken them from an English book or from a newspaper, and engrafted them on the charter; when it did so, it became law to this town, and all its citizens.

For the reasons above set forth, we are of the opinion, that the charge of the court and the verdict of the jury, were and are illegal, and we must reverse the judgment overruling the motion for a new trial, and direct that the same be granted, and the case tried in accordance with the above views.

Judgment reversed.