DUNCAN *et al. vs.* THE MAYOR, ETC. OF TOOMBSBORO.*

SIMMONS, J.—There was no error in the court below in refusing to grant the injunction prayed for in this case, under the facts disclosed in this record.

Judgment affirmed.   (Head-note by the court.)

May 21, 1888.

Injunction. Municipal corporations. Before Judge JENKINS. Wilkinson superior court. October term, 1887.

The only question involved in this case is the legality of the incorporation of the town of Toombsboro. On the hearing of the application for injunction, it appeared that the proceedings to incorporate said town were taken under the act of August 26, 1872, codified in §§775, 776, 777 and 778 of the code of 1882; and the questions made before the chancellor were, whether a compliance with said act was legally shown by defendants, and whether said act was constitutional. The evidence introduced on the first of these questions, just stated, was as follows :

(1) Petition of N. B. Baum and twenty-eight others to the judge of the superior court of Wilkinson county, showing that, on June 28th, 1881, they posted three notices within the limits, afterwards to be mentioned in the petition, that they would apply to the said judge for an order incorporating the town of Toombsboro, as provided in §775 of the revised code of Georgia, the boundaries being set forth in said notice, attached to the petition as exhibit "A"; that at the expiration of thirty days, on July 28th, 1881, [the voters] did meet and cast their ballots for incorporation or no incorporation, and thirty votes were cast as shown in exhibit B

---

*BLECKLEY, C. J., did not preside in this case, on account of sickness.

attached; that said election was held by three managers living within the limits mentioned, as set forth in exhibit B; and the election was carried on according to law. Petitioners prayed the granting of an order of incorporation under the name of Toombsboro.    Exhibit A is a copy of the notice, describing the boundaries and requesting the qualified voters within said boundaries to meet at a designated place, on July 28th, 1881, to vote on the question of corporation or no corporation.    The notice is dated July 28th, 1881, and twenty-seven names are signed to it. - (This exhibit is not set out in the bill of exceptions as part of the evidence adduced before the chancellor, but appears in the record as a part of the petition and attached, with the petition, as an exhibit to complainant's bill.)

Exhibit B is a list of voters, living within the limits mentioned, voting in the election of July 28th.    The list contains thirty names, and is accompanied by a tally-sheet of the votes cast, showing thirty votes for incorporation and none against; the whole being certified by three persons, styling themselves freeholders, as managers of the election.

(2)  Order of the judge of Wilkinson superior court, dated October 4th, 1881, reciting the petition with satisfactory evidence of the facts therein set forth, and ordering that the town of Toombsboro be incorporated, with boundary lines as set forth in exhibit "A".   Also appointing three named persons managers to hold an election on a day named, October 24th, 1881, for "mayor and four councilmen and one recorder."    Ordering further that the petition and order be entered on the minutes.

(3)  A certificate of the clerk of the superior court of said county, as prescribed in section 777 of the code, the blanks in the form set out in said section being prop-

erly filled.   This certificate is dated October 10th, 1881. The certificate of the clerk of the superior court thereto is as follows :

"I, John T. Hughes, clerk of the superior court of, in and for said Wilkinson county, hereby certify that the above and foregoing page (is in substance), and is a true copy of the clerk's certificate of incorporation of the town of Toombsborough, Ga., as near as practicable."

The above certificate of incorporation was objected to on the ground that the clerk did not certify to it as a copy from the record, nor that the original ever existed and was lost.

(4)  Another certificate of the clerk, as follows:

"I, John Hughes, clerk of the superior court of said county, hereby certify that I was clerk of said court when the order incorporating the town of Toombsborough was passed by Judge Thos. G. Lawson at the October term, 1881, and have been clerk of said court continuously since said order was passed; and I hereby certify that said original order as passed did not include a clause authorizing the clerk to issue a certificate of incorporation of said town, and that no additional or second order has ever been passed and put on record of this court.

"Witness my official signature," etc.

The remainder of the evidence introduced is not material here.

The following order was passed by the chancellor :

"Counsel upon both sides having waived all points and questions involved in this case, except such as bear upon the question of 'the validity of the charter of Toombsborough, and having invoked a ruling solely for the purpose of testing the legality of said charter, it is, after considering the application for injunction, ordered that the same be and is hereby refused."

Complainants excepted, assigning as error that the court held the town legally incorporated under the act of 1872 ; that the court held said act constitutional, it being insisted that it contained more than one subject-matter ; and that the court admitted the alleged copy of the certificate of incorporation.

P. W. EDGE, by brief, for plaintiffs.

No appearance for defendant.