### TOWN OF CONSTITUTION v. CHESTNUT HILL CEMETERY ASSOCIATION.

HOLDEN, J. With respect to the incorporation of towns, the Political Code of 1895 provides: "Whenever the qualified voters of any town or village, not incorporated, consisting of not less than twenty-five qualified voters, wish to be incorporated, a petition shall be filed, by at least a majority of the male inhabitants of such town or village, in the superior court of the county in which the inhabitants reside, stating in such petition the proposed boundaries of such town, and the name to be

given, if incorporated." It also requires that notice be given, in a specified way, of the day on which the application wil! be made, and of the day on which the qualified voters in the proposed boundaries of the town will vote on the question of incorporation. It is further provided that if a majority of the qualified voters shall vote in favor of incorporation, the managers of the election shall certify the result of the vote to the superior court of the county, and that upon the filing of such certificate the superior court shall by order direct the clerk thereof to issue a specified certificate of incorporation of such town or village. See Political Code (1895), §§ 685-687 (the provisions of which are not embodied in the Civil Code of 1910). A petition by thirteen named individuals was filed in the superior court to incorporate the Town of Constitution, embracing a specified territory, in which they alleged "that they are a majority of the qualified voters, consisting of more than twenty-five qualified voters residing" within such territory; that the notices hereinbefore referred to were properly given; that at the election a majority of the qualified voters within the territory named voted in favor of incorporation; and that a certificate so showing had been filed in the superior court, the judge of which granted an order for incorporation as prayed, and the clerk of the court issued a proper certificate; after which officers of the municipality were duly elected and the corporation organized. *Held:*

1. The municipality became, at least, a de facto corporation, the legal existence of which could not be collaterally attacked. 1 Dillon on Mun. Corp. (5th ed.) §§ 66, 67, 2 Id: § 644, 4 Id. §§ 1556, 1560; Constantineau on the De Facto Doctrine, §§ 46-50, 58-68; 20 Am. & Eng. Enc. Law, 1135 (7) ; 28 Cyc. 172, et seq.; 3 Am. & Eng. Ann. Cases, note at p. 242; 11 Id. note at p. 1060; 27 L. R. A. (N. S.) note at p. 262.

(a) In a proceeding to enjoin the municipal authorities from the enforcement of an ordinance, the legal existence of the corporation could not be assailed on the ground that at the time the election was held, and at the time of the granting of the order of incorporation, there did not reside within the corporate limits 25 qualified voters; nor on the ground that the petition was not filed by a majority of the male inhabitants as required by the statute; nor on the ground that many of those voting at the election were not qualified voters.

2. The petition for incorporation and the notices hereinbefore referred to described the territory to be incorporated as "including the territory within a radius of one mile from the Southern Railway depot at Constitution," in DeKalb county, Georgia, a part of which territory was in DeKalb county and a part in Fulton county. The order for incorporation provided that "said incorporation shall extend one mile in every direction from the present location of the Southern Railway depot at Constitution." *Held,* that the territory embraced within the corporate limits of the town was that which was included within a radius of one mile from the center of the location of the depot, and the order for incorporation was not void on the ground that the limits of the incorporation were indefinite. Cook *v.* Johnson, 47 Conn. 175 (36 Am. R. 64).

3. In view of the admissions in the answer of the plaintiff in error in regard to the passage of the ordinance attacked, proof of the existence of

the ordinance was unnecessary; and if the admission of oral evidence regarding the existence of the ordinance was illegal, the error was harmless.

4. Under the pleadings and evidence, the court did not err in granting an interlocutory injunction restraining the enforcement of the ordinance complained of, which was one restricting burials within the corporate limits to the two places prescribed therein, and making penal its violation.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
AUGUST 22, 1911.

Injunction. Before Judge Roan. DeKalb superior court. March 25, 1911.

*Mark Bolding* and *John S. Gleaton,* for plaintiff in error.
*Henry M. Patty* and *Lewis W. Thomas,* contra.