SELL, constable, *v.* TURNER.

FISH, C. J. 1. From the record in this case it appears that all the provisions of the Political Code (1895), §§ 685-688, inclusive, were complied with for the purpose of obtaining a charter for the Town of Constitution in DeKalb county, and that at a special term of the superior court of that county, called for the purpose, a charter was granted incorporating the Town of Constitution on October 25, 1910. Subsequently, in the same month of that year, a mayor, recorder, and aldermen were elected for the town. It follows that the municipality became a de jure corporation.

2. The facts that the corporate authorities of such municipality passed only two ordinances, and that the mayor, recorder, and aldermen voluntarily ceased to perform their official duties, did not operate to terminate the corporate existence of the town. Under the statute above referred to, for the incorporation of towns and villages, "the officers first elected in such town or village shall hold their offices until their successors are elected and qualified." Political Code (1895), § 690.

3. According to the undisputed evidence in the record the grounds of the Chestnut Hill Cemetery Association were located within the corporate limits of the Town of Constitution.

(a) It follows that the provisions of the act of August 21, 1911 (Acts 1911, p. 200), relating to the establishment of cemeteries in the rural territory of certain counties therein specified, are not applicable to the establishment of a cemetery by such association in the Town of Constitution.

4. In view of the rulings above announced, which control the case, the judge of the superior court did not err in discharging from custody, upon habeas corpus, one who had been arrested and was held under a warrant charging him with a violation of the act of 1911, to which reference has been made.

*Judgment affirmed. All the Justices concur.*

APRIL 12, 1912.

Habeas corpus.    Before Judge Roan.    DeKalb superior court. December 9, 1911.

*George Westmoreland* and *Mark Bolding,* for plaintiff in error. *Henry M. Patty* and *Lewis W. Thomas,* contra.