## WADE *v.* HURST *et al.*

There was no error in refusing to allow the amendment and in dismissing the petition on demurrer.
JANUARY 14, 1915.

Equitable petition. Before Judge Parker. Pierce superior court. November 11, 1913.

Jesse Wade brought a petition seeking partition of land, cancellation of deeds, judgment for damages, and other relief. He alleged, that A. P. Wade procured a homestead to be set aside in 1875 to himself and family. Among the property included in the homestead was lot of land number 156 in the fifth district of Pierce county. His wife died, and he remarried, pending the minority of

the children. He died in 1895, leaving a widow, and children of both marriages. In 1896 his wife, who had married again, presented her petition to the judge of the superior court of Pierce county, praying an order for the sale of the homestead property for the purpose of reinvestment. An order was granted, allowing a sale of the property at private sale, fixing the minimum price at $4,000, and providing for the reinvestment of the proceeds of the same for the same uses. In pursuance of the order the widow, upon an alleged consideration of $4,000, conveyed the whole of the homestead estate, including lot 156, to Harley Davis Jr. In part payment of the property conveyed to him, Harley Davis Jr. immediately reconveyed to the widow, Susan L. White, formerly Wade, in her own right and as trustee for her four minor children (one of whom was Jesse Wade), a part of lot 156, reciting a consideration of $2,000. On January 2, 1905, Susan L. White wrongfully and fraudulently and without any order of court, and in her own right and as trustee for the minor children of A. P. Wade deceased, on an alleged consideration of $1,000, conveyed the 165 acres of lot 156 to N. N. Hurst. All of the beneficiaries except two minors, Jesse Wade and his sister Annie, joined in that conveyance. Afterwards Susan L. White, formerly Wade, unlawfully permitted and allowed the A. P. Brantley Company to obtain a judgment in its favor against her as trustee, and specially against 165 acres of lot number 156. Execution issued upon this judgment and was levied upon the land therein described, namely, the 165 acres of lot 156. The land was sold by J. L. Tuten as sheriff of Pierce county, and purchased by N. N. Hurst for the sum of $195, and the sheriff made to Hurst a deed. On February 15, 1909, N. N. Hurst, for the alleged consideration of $3,700, conveyed certain premises, including 165 acres of lot 156, to Mary P. Hurst, who shortly thereafter reconveyed the same land, on a consideration of one dollar and natural love and affection, to N. N. Hurst. The homestead estate did not terminate until July 16, 1912, when the plaintiff, who was the youngest child of A. P. Wade, became of age. There were born unto A. P. Wade by the first marriage five children, two of whom survive, and the deceased children left surviving children. By the second marriage there were born unto A. P. Wade four children. All of the children by the first marriage of A. P. Wade had received advancements to an amount more than

they would be entitled to receive out of his estate, and the plaintiff and his sister, Annie, were entitled to a partition of the 165 acres with N. N. Hurst, in the proportion of one part to plaintiff and one part to his sister and three parts to N. N. Hurst. Upon receiving a deed to the land N. N. Hurst entered into possession, committed waste by cutting timber of the value of $500, and ousted the plaintiff, for which he claims as punitive damages the sum of $5,000. The plaintiff's mother, Mrs. White, his brothers and sisters, and heirs of three deceased sisters, A. P. Brantley Company, M. P. Hurst, N. N. Hurst, and J. L. Tuten, sheriff of Pierce county, were named as defendants. The prayer was, for the reformation of the sheriff's deed to N. N. Hurst and the deed from N. N. Hurst to Mary P. Hurst, so as to exclude the 165 acres of lot 156; for partition; for damages against N. N. Hurst; and for general relief.

By amendment it was alleged, that N. N. Hurst well knew, at the time he accepted the deed of conveyance from Susan L. White, formerly Wade, in her own right and as trustee for the four minor beneficiaries, that the premises had been conveyed to Susan L. White, formerly Wade, in her own right and as trustee, by Harley Davis, in part payment of the homestead estate under order of court for reinvestment, and purchased at the reinvestment sale by Harley Davis, and that the land was homestead property, and that the homestead had not terminated, and that the title he bought was not good as against petitioner as a beneficiary of the homestead; that the fraud on the part of Susan L. White consisted in the fact that she knew the premises had been conveyed to her in her own right and as trustee for the beneficiaries of the homestead, in part payment of the homestead property sold for reinvestment and purchased by Harley Davis at the time she permitted the A. P. Brantley Company to obtain a judgment against herself individually and as trustee for the minor children of A. P. Wade, deceased, against the 165 acres of lot 156, and that the land was homestead property. The court allowed this amendment, but refused to allow an amendment alleging: "The judgment of the A. P. Brantley Company was not obtained for any of the purposes enumerated under the law, or any debts falling under the exceptions."

The petition was dismissed on general demurrer filed by N. N. Hurst and Mary P. Hurst. The plaintiff sued out a writ of error, complaining of the two rulings just stated.

*W. A. Milton* and *E. H. Williams,* for plaintiff.

*Wilson, Bennett & Lambdin,* for defendants.

Evans, P. J. (After stating the foregoing facts.) The plaintiff sues as heir at law of his deceased father. He eliminates the interests of his half brothers and sisters by a general averment that they had received advancements in excess of their shares in the estate. He deals with the estate as owned by himself, his sister, and N. N. Hurst as assignee of his mother and a sister and a brother. In order to establish his right of partition in the specific land, he undertakes to attack the sheriff's sale on the ground that his mother unlawfully allowed the A. P. Brantley Company to obtain a judgment against her as trustee for the homestead beneficiaries, because she knew that the premises had been conveyed to her in part payment of the homestead property, and that the judgment of A. P. Brantley Company was not "obtained for any of the purposes enumerated under the law, or any debts falling under the exceptions." He prays neither for cancellation of the judgment upon which the execution issued, which sold the land, nor for cancellation of the deed of the sheriff made in pursuance of the sale. His prayer is, that the sheriff's deed be "reformed as a cloud on petitioner's title, so as to comport not to convey petitioner's interest in said property." Even if the allegation respecting facts relied on as constituting fraud on the part of his mother be sufficient to vacate the judgment, he does not charge the A. P. Brantley Company with any fraudulent conduct. His allegation in the rejected amendment is that the judgment was not obtained on any grounds which would make the homestead estate liable. His attack is upon the ground that the court did not have sufficient proof to render the judgment. The superior court is a court of general jurisdiction, and the presumption of law is that the court had sufficient proof before it before rendering the judgment; and there is no rule of law which requires the judgments of a court of record to express upon their face that they are rendered after due proof. *Tucker* v. *Harris,* 13 *Ga.* 1, 7 (58 Am. D. 488); *Jones* v. *Tarver,* 19 *Ga.* 279; *Cobb* v. *Pitman,* 49 *Ga.* 578. The court had jurisdiction of both the parties and the subject-matter, and no rule of law is more firmly established than that when a court of competent jurisdiction has rendered a judgment in relation to subject-matter and person within its jurisdiction, such judgment will be conclusive until it is

reversed in a proper proceeding for that purpose. *Wiley* v. *Kelsey*, 9 *Ga.* 117. The plaintiff's attack upon the sheriff's sale is insufficient to invalidate it, and that sale divested his interest in the land. Accordingly, the demurrer to the petition was rightly sustained.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*