BUTLER *v.* MCCLURE *et al.*

GILBERT, J. 1. A demurrer upon the ground of misjoinder is a special demurrer. *Love* v. *National Liberty Insurance Co.*, 157 *Ga.* 259 (2) (121 S. E. 648) ; *Linder* v. *Wimberly*, 158 *Ga.* 285, 289 (123 S. E. 129), et seq.

2. Special demurrers are effective against defects in matter of form only and not in matter of substance.

3. Defects in form may be cured by amendment. When a defect in form is cured by amendment, the petition will not be dismissed "if there is no other legal difficulty in the way." See Civil Code (1910), §§ 5681, 5682, 5688; *Sims* v. *Cordele Ice Co.*, 119 *Ga.* 597 (3) (46 S. E. 841); *Georgia R. &c. Co.* v. *Tice*, 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200); *Battle* v. *Warren County Fertilizer Co.*, 155 *Ga.* 650, 652 (118 S. E. 362). This question was not involved in *Sweat* v. *Barnhill*, 171 *Ga.* 297 (155 S. E. 18). In that case there was no amendment to meet the demurrer.

4. The petitioners introduced fi. fas. issued by the tax-collector for State and county taxes, also city tax fi. fa. against Butler, tending to show that the defendant Butler had not paid any of such taxes, including the poll-tax for 1931. The defendant's evidence set out below, properly construed, is an admission that such taxes have not been paid by him. If there was any error in admitting the original fi. fas. in place of certified copies, such error, in view of the evidence of Butler, was harmless.

5. This court, in a case decided since the argument of this case, has held that the amendment to the constitution proposed by the act approved August 14, 1931 (Ga. L. 1931, p. 102), ratified at the general election in 1932, has the effect of requiring only the payment of a poll-tax to enable one to be a qualified voter under the constitution. In this case the respondent admittedly had not paid his poll-tax. What effect the constitutional amendment would have upon the qualification of the voter in a municipal election where the charter of the city contains additional requirements for voting need not be decided, since that question is not necessary to a proper decision of the present case. *Cooper* v. *Lewis*, 177 *Ga.* 229 (170 S. E. 68).

6. The evidence demanded the verdict as directed by the court.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9653. JULY 14, 1933. REHEARING DENIED SEPTEMBER 14, 1933.

*Mozley & Latimer,* for plaintiff in error.
*Blair & Gardner,* contra.

ON MOTION FOR REHEARING.

GILBERT, J. By act of the General Assembly approved August 17, 1903 (Ga. Laws 1903, p. 413), a *new charter* was established for the *Town* of Acworth. The new charter created the *City* of *Acworth*. That act included a clause "That the above provisions shall not become operative until ratified by a majority of the qualified voters of the City of Acworth, at an election to be called by the mayor and council between now and January 1, 1904, thirty days' notice to be given of such election." We have found no charter creating the City of Acworth nor the office of mayor of the Town or City of Acworth, except the act of 1903, above mentioned. The charter of 1903 has several times been amended by

the General Assembly. The respondent, Butler, ran for and was declared elected to the office of mayor of the City of Acworth, and assumed the duties of that office. This amounted to a recognition that the act of 1903 was in operation according to the terms of the act. Otherwise the respondent would have been in the position of running for, being declared elected to, and assuming the duties of an office which did not exist.

The contention of the respondent that the act of 1903 is not in operation, because the record does not show that it has been adopted in accordance with section 22 of the act quoted above, amounts to a collateral attack. In *Town of Constitution* v. *Chestnut Hill Cemetery Association,* 136 *Ga.* 778 (71 S. E. 1037), where a similar question arose, it was held that "The municipality became at least a de facto corporation, the legal existence of which could not be collaterally attacked." Similarly the respondent can not insist upon holding the office of mayor of the City of Acworth and at the same time maintain that there is no City of Acworth and no office of mayor, because the charter enacted by the General Assembly had never been accepted by the required referendum. The motion for a rehearing is denied.