27105.   HICKS *v.* STALNAKER.

DECIDED DECEMBER 5, 1938.

*A. L. Henson, J. Wilson Parker,* for plaintiff.
*B. L. Milling,* for defendant.

BROYLES, C. J.   M. G. Hicks was appointed administrator of the estate of Mercer C. Stalnaker, deceased, at the May term, 1936, of the court of ordinary of Fulton County, upon the selection and petition of Mrs. Edith Stalnaker who alleged that she was the wife and heir at law of the deceased.   Shortly thereafter, W. C. Stalnaker, a brother of the deceased, applied for letters of administration upon the estate, and he was selected as the administrator by the majority of the heirs at law of the deceased.   However, before he was appointed, it was discovered that Hicks had already been appointed administrator of the estate, and W. C. Stalnaker filed a petition to set aside the appointment.   Upon the hearing

in the court of ordinary, Stalnaker introduced in evidence an original record of the superior court of Fulton County showing that on May 28, 1930, Mrs. Edith Stalnaker had obtained a divorce from Mercer C. Stalnaker, with the right given her to marry again, but leaving Mercer C. Stalnaker under disabilities to remarry. Thereupon the ordinary passed an order revoking the order appointing Hicks as administrator of the deceased, Mercer C. Stalnaker, and appointing W. C. Stalnaker as such administrator. From that ruling Hicks filed an appeal to the superior court. On the hearing in that court, Hicks offered as evidence an original record of the superior court of Fulton County which showed that on March 11, 1937, the divorce verdicts in the case of Mrs. Edith Stalnaker against Mercer C. Stalnaker (rendered on January 30, 1930, and on May 28, 1930, respectively), and the decree thereon entered by the court on May 28, 1930, were ordered by the court to be "canceled and held for naught and declared to be utterly and absolutely void as changing the marital status of either of the parties to said action at any time," and it was further "considered, ordered, and decreed that the clerk of this court be, and he is ordered and directed to make appropriate entry upon said minutes expunging said verdicts and said decree." The court rejected the evidence, and that ruling is complained of in a ground of the motion for new trial.

The evidence was material and admissible, and the court erred in rejecting it. The judgment offered as evidence was not subject to collateral attack and was conclusive until reversed in a proper proceeding for that purpose. *Wiley* v. *Kelsey,* 9 *Ga.* 117; *Wade* v. *Hurst,* 143 *Ga.* 26, 29, 30 (84 S. E. 65). This case is distinguished from *McLeod* v. *McLeod,* 144 *Ga.* 359 (87 S. E. 286). In that case the divorce granted was subsequently attacked *collaterally,* while in the instant case the divorce granted was *directly* attacked in a petition to the same court which had granted the divorce, the petition praying that, for the reasons stated therein, the verdicts and decree granting the divorce "be cancelled and declared null and void." The refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*