## 21091. MacDONELL v. VILLAGE OF NORTH ATLANTA *et al.*

DUCKWORTH, Chief Justice. North Atlanta, an incorporated village, sought to collect the costs of a business license from the plaintiff in error, and upon nonpayment thereof issued a fieri facias and levied on certain personal property belonging to him. The petitioner, who is the plaintiff in error, brought an equitable action against the municipality and the mayor and council, individually and in their official capacities, to enjoin the advertisement and sale of his property, alleging that the act of 1872 (Ga. L. 1872, pp. 16-23), under which the town was incorporated is unconstitutional and void, in that it refers to more than one subject matter, having been so declared by the Supreme Court in *Ayeridge v. Town Commissioners of Social Circle,* 60 Ga. 404, and for numerous discrepancies in the method of incorporation, such as incorrect dates in the proceedings, failure to have the requisite number of freeholders living in the area of incorporation or applying for the charter in accordance with the requirements of the act; and alleging that the description of the land incorporated therein is so vague, indefinite, and uncertain that it fails to describe with certainty the land therein incorporated. De-

murrers were filed to the petition and after a hearing sustained, the exception is to this judgment. *Held:*

1. Examination of the application and the charter issued by the Superior Court of DeKalb County, attached to the petition as an exhibit, shows clearly that the town was incorporated under the authority of the Code of Georgia of 1895 (Code, 1895, Vol. I, Seventh Title, Chapter 1, Articles 1 and 2, §§ 685 through 710, which was a recodification of the Code of 1882, §§ 775 through 797, which codified the law of 1872 and other laws) ; and even though the law of 1872, pp. 16-23, be unconstitutional and void, as allegedly held in *Ayeridge v. Town Commissioners of Social Circle,* 60 Ga. 404, supra, the charter in question was not issued thereunder, but under the Codes thereafter adopted by the General Assembly. *Central of Ga. Ry. Co. v. State of Georgia,* 104 Ga. 831 (31 S. E. 531, 42 L. R. A. 518) ; *Barnes v. Carter,* 120 Ga. 895, 897 (48 S. E. 387) ; *Sell v. Turner,* 138 Ga. 106 (74 S. E. 783). In *Duncan v. Mayor &c. of Toomsboro,* 81 Ga. 353 (9 S. E. 1100), this court affirmed the denial of an injunction in which the petitioner attacked the incorporation of the town of Toomsboro as being unconstitutional for the very same reason as here, but without stating why it was not subject to the constitutional attack, merely stating that the act of August 26, 1872, had been codified in the Code of 1882. No proper attack is made against the Code sections under which the incorporation was had, and there is no merit in the constitutional attack thus made.

2. The charter application was sworn to and the charter issued under the authority of the Superior Court of DeKalb County on January 15, 1924, and, on its face, this court proceeding shows that North Atlanta was properly incorporated in accordance with the law authorizing its creation. Any attempt to go behind this charter as to alleged discrepancies in dates and the failure to meet conditions precedent to the issuance of the charter can not be considered at this late date, and no collateral attack will be allowed. *Code* §§ 2-8005, 3-702; *Wiley, Parish & Co. v. Kelsey,* 9 Ga. 117; *Town of Constitution v. Chestnut Hill Cemetery Assn.,* 136 Ga. 778 (1) (71 S. E. 1037) ; *Sell v. Turner,* 138 Ga. 106, supra; *Wade v. Hurst,* 143 Ga. 26, 29 (84 S. E. 65) ; *Butler v. McClure,* 177 Ga. 552, 554 (170 S. E. 678) ; *Crane v. Stratton,* 185 Ga. 234 (2), 235 (194 S. E. 182).

3. The area of incorporation is described as two adjacent tracts of land lying on each side of Peachtree Road, one of which has definite boundaries which are capable of being ascertained from the monuments described. The other refers to its south and west lines as running westward along the land lot line to the southwest corner of the property of W. T. Ashford in Land Lot 241, thence northward to the southeast corner of the property of John Kelly, and thence westward along the southern boundary of the said Kelly property to the center of Peachtree Road. These boundaries may require extrinsic evidence to ascertain their location, since they are not as definite as such descriptive objects as roads, county lines, railroads, and land lot lines described elsewhere, but the property is capable of being ascertained by the use of extrinsic evidence to determine the property lines of Kelly and Ashford, and the description is not subject to the attack made upon it. *Price v. Gross,* 148 Ga. 137 (2) (96 S. E. 4); *Prudential Ins. Co. v. Hill,* 170 Ga. 600 (3) (153 S. E. 516); *Blumberg v. Nathan,* 190 Ga. 64, 65 (8 S. E. 2d 374); *Deaton v. Swanson,* 196 Ga. 833 (28 S. E. 2d 126); *Lankford v. Pope,* 206 Ga. 430 (2) (57 S. E. 2d 538). It follows that the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 10, 1961—DECIDED FEBRUARY 9, 1961.

*E. T. Hendon, Jr.,* for plaintiff in error.
*T. B. Higdon,* contra.