EQUITABLE BUILDING AND LOAN ASSOCIATION OF ALBANY *v.* STATE OF GEORGIA *et al.*

Since a tax execution is not founded upon the judgment of any court, but is a purely summary process, it is essential to the validity of such an execution that all the necessary jurisdictional facts authorizing its issuance should appear upon its face. It follows that a writing purporting to be such an execution, but which merely commands the levying officers to whom it is directed to make of the property of a named corporation a specified sum as "now due and owing to said State and county for taxes, back taxes up to 1899, as well as all lawful costs," is void.

Submitted May 1, — Decided June 10, 1902.

Affidavit of illegality. Before Judge Spence. Dougherty superior court. October, 1901.

*S. J. Jones*, for plaintiff in error. *D. H. Pope & Son*, contra.

LUMPKIN, P. J. The tax-collector of Dougherty county issued what purported to be a tax execution against the Equitable Building and Loan Association of Albany, Ga. It was in the following words: "Georgia, Dougherty County. To all and singular the Sheriffs & Constables of this State: You are hereby commanded that of the goods and chattels, lands and tenements of Equitable B/L. Assn., Albany, Ga., you levy and by distress and sale thereof sufficient to make the sum of Five Hundred thirty-five Dollars, 535.38, and 38 cents, now due and owing to said State and County for Taxes, back taxes up to 1899, as well as all lawful costs, and you make due return according to law. Given under my hand and seal this 23d day of July, 1900. [Signed] J. T. Hester, Tax-Collector." The case now before us presents for determination the question whether

or not this was a lawful and valid tax execution. It was in the court below attacked as void upon the following grounds: (1) because it "did not show on its face the proper legal authority for its issuance;" (2) that it "did not show for what years said 'back taxes' were due and owing, nor how much was due each year;" and (3) that it "was not issued from any return or assessment entered on the tax digests of said county." The trial judge held that it was a legally-sufficient execution. We are of a contrary opinion. Section 847 of the Political Code reads as follows: "If a person fails to make a return, in whole or in part, or fails to affix a value to his property, it is the duty of the receiver to make the valuation and assess the taxation thereon, and in all other respects to make the return for the defaulting person from the best information he can obtain; and having done so, he shall double the tax in the last column of the digest against such defaulters, after having placed the proper market value or specific return in the proper column; and for every year's default the defaulter shall be taxed double until a return is made." Section 848 is in the following language: "If there is taxable property, real or personal, in a county, that to the satisfaction of the receiver, when he comes to conclude his digest, is not returned by any person, and he does not know the owner or possessor, it is his duty to assess and double-tax it, describing it particularly; and the same power is conferred on the tax-collector as to such property, when not assessed, or overlooked by the receiver." Section 908 declares that: "When property is assessed for taxes which has not been returned by any one, as soon as assessed the tax-collector shall at once issue an execution against it for the amount due and costs, and the sheriff shall advertise it for sale in some public gazette ninety days before the day of sale, and if by said day the taxes are not paid, it shall be sold: *Provided*, renting or hiring will not bring the requisite amount. Whatever overplus there may be shall be paid over to the ordinary as a part of the educational fund, with a statement of the property and account of sales, subject to the claim of the true owner within four years."

If the building and loan association failed to make for any year a return of a portion of its taxable property, it was, under section 847, the duty of the tax-receiver, if this fact became known to him, to assess the value of such property and make a return for the

association from the best information he could obtain; and, having done this, to double the tax against the association. After such assessment and return had been made, if the tax due was not paid within the time prescribed by law, it then became the duty of the tax-collector, under section 894, to immediately issue against the association an execution for the unpaid tax. If the association had unreturned taxable property and its ownership thereof was unknown to the tax-receiver, it was, under section 848, his duty to assess and double-tax this property, describing it particularly, and to make appropriate entries upon the tax digest. Under that section the tax-collector had like powers as to any property which was overlooked by the receiver and not assessed by him. As to all the property thus assessed it was, under section 908, the duty of the tax-collector to issue an execution against the property itself. See, in connection with what is said above, *Norris* v. *Coley*, 100 *Ga.* 547, wherein sections 847, 848, and 908 of the Political Code were construed by this court and given the meaning which we now place upon them. The so-called tax execution which the present case brings under consideration was open to all of the objections urged against it. It certainly did not show on its face any authority for its issuance ; indeed, it is impossible from an inspection of it to determine under which, if any, of the above-mentioned code sections it was issued. A tax execution not being founded upon the judgment of any court, but being a purely summary process, it is "essential that all necessary jurisdictional facts should appear on the face of the execution." *Southern Pine Co.* v. *Kirkland*, 112 *Ga.* 216. To the same effect see *Leonard* v. *Pilkinton*, 99 *Ga.* 738.

*Judgment reversed. All concurring, except Lewis, J., absent.*