## BARNES et al. v. CARTER et al.

1. It js the duty of the receiver of tax returns to issue executions for taxes against unreturned wild lands. Pol. Code, § 821. Whether the provisions of the act of December 13, 1882 (Acts of 1882–3, p. 47), were omitted unintentionally, or because of a question as to the sufficiency of the title, this code section is exhaustive of the law on the subject. A tax fi. fa. issued against unreturned wild land by the tax-collector is without authority of law, and a sale of land thereunder is void.
2. Where a plaintiff fails to make out a prima facie case, a verdict for the defendant should not be directed, but a judgment of nonsuit should be entered. The judgment of the court is affirmed with direction that plaintiffs have leave to vacate and substitute therefor a judgment of nonsuit, when the remittitur is made the judgment of the court below.

Submitted June 23,—Decided August 11, 1904.

Equitable petition. Before Judge Mitchell. Echols superior court. September term, 1903.

*Wilcox & Johnson*, for plaintiffs.
*W. E. Thomas* and *R. G. Tison*, for defendants.

EVANS, J. 1. The principal and controlling question made by the record in the case under consideration is the validity. of a title obtained by a purchaser at sheriff's sale under a tax fi. fa. issued by the tax-collector against unreturned wild lands. The plaintiffs in error sought to enjoin the defendants from cutting timber on the land described in the petition, and to recover damages for alleged trespasses already committed. On the trial of the case, plaintiffs offered to introduce in evidence tax deeds from the sheriff of Echols county to themselves to each of the lots of land the timber upon which was in controversy, together with tax fi. fas. under which the lands were sold, issued by the tax-collector of Echols county against each of the lots, as wild and unreturned land, bearing date May 1, 1898, with sheriff's entries of levy and sale thereon. The deeds were dated August 2, 1898, recited a consideration of twenty dollars each, and were properly executed and recorded. The defendants objected to the admission of the fi. fas. and deeds in evidence, because the fi. fas. which accompanied the deeds were issued by the tax-collector for taxes on unreturned wild land, and were therefore void, and because there was no recital in the fi. fas. that the tax-receiver had failed and omitted to assess the lands for taxes and issue the executions himself, or over-

looked the same; and further, because the fi. fas. did not recite that the owner or possessor of the lands was unknown. The court sustained the objections and excluded the deeds and fi. fas. from evidence. The plaintiff introduced a witness who testified, that about the date alleged in the petition the defendants cut a portion of the timber on the land and removed the same, and that the cutting and removal of the timber had damaged the plaintiff in the sum of two hundred dollars. There being no further evidence, the court directed a verdict for the defendants, upon which a judgment was entered. The exceptions are to the ruling of the court excluding the evidence offered, and to the direction of a verdict.

The land described in the petition was sold by the sheriff under a tax execution issued by the tax-collector against that particular land as being wild and unreturned. If the tax-collector had authority to issue a fi. fa. for taxes against unreturned wild lands, and the fi. fas. contained the proper recitals, the purchaser at the sheriff's sale got a good title, as the sale in other respects was in compliance with the law. The power and authority of the tax-collector to issue a fi. fa. against unreturned wild land is denied by the defendants, who insist that by the Political Code, § 821, executions against unreturned wild lands can only be issued by the receiver of tax returns. This section provides that "Any wild lands not given in for taxes in the county in which they may be shall be subject to double tax, as other property, and it shall be the duty of the receiver of tax returns, when taxes are not paid in the time provided by law, to issue executions against said wild land, and after due advertisement, as now prescribed by law, to sell said lands for payment of taxes; the tax-collector, upon receipt by him of any return of lands, shall transmit immediately his receipt for such return to the person making the same: Provided, that the owner of any wild lots or tracts of land through which county lines may run shall be allowed to return said lots or tracts of land in either county containing any portion of said lots or tracts of land." The provisions of this section of the Political Code were enacted in 1881, and were incorporated in section 874 (b) of the Code of 1882. The act of December 13, 1882, amended section 874 (b) of the Code of 1882 by striking therefrom the words "receiver of tax returns" and inserting in lieu thereof the

words "tax-collector." But notwithstanding the amendment, section 874 (b) of the Code of 1882 was reproduced without change in the Political Code of 1895, § 821. The codifiers of the last code had knowledge of the act of 1892, because they cite it in the marginal note to this section. The writer is not informed whether the amendment was inadvertently omitted, or intentionally disregarded by the codifiers because they considered that an act entitled "An Act to amend section 874 (b) of the Code of 1882 in reference to the sale of wild lands" was contrary to the constitutional provision (Civil Code, § 5779) that "no law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." But irrespective of the manner in which the provisions of the amending act were omitted, the practical question is the construction of the code section as it is incorporated in the present code.

In an elaborate and well-reasoned opinion, Justice Lewis (*Central Ry. Co. v. State*, 104 *Ga.* 831) reached the conclusion that the legislative act adopting the present code and making the same of force as the code of Georgia enacted into one statute all the provisions embraced in that code. Whatever is contained in the code has the force and effect of a statute, and this court has no power to modify, amend, or repeal a statute    *Stone v. Georgia Loan & Trust Co.*, 107 *Ga.* 524. Beginning, therefore, with the premise established by these authorities, that section 821 of the Political Code has all the force and vigor of a specific statute, the power to issue tax fi. fas. against unreturned wild lands is given to the receiver of tax returns. Is this authority exclusive ? Or may the tax-collector still, under the act of 1882 or other sections of the Political Code, also issue tax executions of this kind ? The summary remedy used by the State in seizing and selling a person's land for taxes is in derogation of common law and in a great measure ex parte. Statutes empowering an officer to seize and sell land for taxes are to be strictly construed. *Norris v. Coley*, 100 *Ga.* 547. When the duty of issuing a fi. fa. for unreturned wild land was imposed on the receiver of tax returns by section 821 of the Political Code, this officer was selected to start the machinery to seize and sell the property of the individual to yield

the tax due thereon to the State. This section of the code is exhaustive of the legislative intent on the subject. If the tax-collector could still issue a fi. fa. under the act of 1882, then two fi. fas. for the same tax might be issued against the same property. Such a procedure not only might render it possible to sell the same land twice for the same tax, but would bring about confusion and conflicts between the State's processes. The code section is clearly repugnant to the act of 1882, and repeals it by necessary implication.

It is further contended that the whole scheme of our system for the levying and collection of taxes contemplates that duties of this kind shall be discharged by the tax-collector. This court, in recognition of this policy, in more than one case suggested legislation on this point, so as to give uniformity and unity to our tax laws. *Leonard* v. *Pilkinton*, 99 *Ga.* 738; *Southern Pine Co.* v. *Kirkland*, 112 *Ga.* 216; *Barnes* v. *Carter*, 114 *Ga.* 886, 889. When the law is clear and explicit and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative and not by judicial action. Shellenberger *v.* Ransom, 25 L. R. A. 575. It is an elementary rule of construction that when a statute is clear and unambiguous, it will be held to mean what has been clearly expressed. The section of the code is so forcibly expressive of legislative intent that nothing is left for the court to declare but that this section means what its words clearly import. The duty of issuing tax fi. fas. against unreturned wild land is imposed upon the receiver of tax returns, and he only can issue the fi. fa. provided for in section 821 of the Political Code. A sale under a fi. fa. issued by a tax-collector without authority of law is absolutely void. *So. Pine Co.* v. *Kirkland*, 112 *Ga.* 216; *Barnes* v. *Carter*, 114 *Ga.* 889; *Equitable B. & L. Asso.* v. *State*, 115 *Ga.* 746. The court properly excluded the tax deeds and fi. fas. from evidence.

2. The plaintiffs failed to make out a prima facie case, and the court directed a verdict at the conclusion of their evidence. The court should have awarded a nonsuit, thereby reserving to the plaintiffs the right to institute a subsequent action for the same cause, if they so desire. *Hines* v. *McLellan*, 117 *Ga.* 845. Inasmuch as the plaintiffs could not recover on their abstract of

title, the judgment of the court will not be reversed, but direction is given that, if they so desire, the verdict be vacated and a judgment of nonsuit be entered.    *Eady* v. *Napier*, 96 *Ga.* 736.

*Judgment affirmed with direction.    All the Justices concur.*