COOK *v.* TURNER, LANGDALE & BENNETT *et al.*

No. 6809.    January 17, 1929.

674

*Augustine Sams* and *Morgan & Johnson,* for plaintiff.

*E. K. Wilcox, Franklin & Langdale,* and *Little & Dickerson,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. Section 1070 of the Civil Code of 1910 provides that "Any wild lands not given in for taxes in the county in which they may be shall be subject to double tax, as other property; and it shall be the duty of the tax-collector, when taxes are not paid in the time provided by law, to issue executions against said wild land, and after due advertisement, as now prescribed by law, to sell said lands for payment of taxes." Can a tax-collector under this section issue an execution for taxes due upon unreturned wild lands, in the absence of an assessment thereof for taxation, upon the tax-digests of the county in which the land is located? "All lands in this State subject to taxation, whether improved or unimproved, shall be returned by the person or persons owning the same, his, her, or their agent or attorney, to the receiver of the county where the land lies." Civil Code (1910), § 1068. The form of return for all property, including improved and unimproved land, is provided. § 1087. Tax-receivers are required to receive all returns of property for taxation, to make out and perfect three digests of such returns in writing and figures, plainly, legibly, and neatly, one for the comptroller-general, one for the ordinary, and one for the tax-collector, and deposit one with each of said officers, to embrace in said digests a list of all defaulters, the amount of their direct and double tax, and all property assessed by them and returned by no one, and to assess upon the digest deposited with the ordinary the county taxes according to law, and the rate of per cent. levied by the proper county authorities. § 1197. "When the owner of property has omitted to return the same for taxation at the time

and for the years the return should have been made, such owner is required to do so for each year he is delinquent, said return to be made under the same laws, rules, and regulations as existed during the year in default." § 1055. "When the omitted property is of that class which should have been returned to the tax-receiver of the county, the said tax-receiver shall notify in writing such delinquent, requiring that he shall make a return thereof within twenty days." § 1057. "If the delinquent, as provided under section 1057, refuses to return his property after notice given him, it shall be the duty of the tax-receiver to assess such property for taxation from the best information he can obtain as to its value for the years in default, and notify such delinquent of the valuation, which shall be final, unless the taxpayer raises the question that it is excessive, in which event further procedure shall be the same as provided by law when the value of returned property is arbitrated. And said assessments when completed and entered upon the tax-digests shall be adopted and used by the county boards of education or other school authorities authorized by law to levy taxes for school purposes in counties or school districts in lieu of requiring separate returns or arbitrations for purposes of school taxation, provided that the taxpayer, should he desire to contest the taxability of his property for school purposes, may raise that question by petition in equity in the superior court of the county where said property is assessed." § 1059. "If there is taxable property, real or personal, in a county that to the satisfaction of the receiver, when he comes to conclude his digest, is not returned by any person, and he does not know the owner or possessor, it is his duty to assess and double-tax it, describing it particularly; and the same power is conferred on the tax-collector as to such property, when not assessed, or overlooked by the receiver." § 1106. These statutes are to be strictly pursued. *Norris* v. *Coley*, 100 *Ga.* 547, 552 (28 S. E. 222).

In case there is land in a county, which is not returned by anybody, and the tax-receiver does not know the owner or possessor, "it is his duty to assess and double-tax it, describing it particularly." This same power is conferred on the tax-collector as to such property, when not assessed or overlooked by the receiver. § 1106, supra. "It is the duty of tax-collector to search out and ascertain as far as possible all taxable property not returned to the

receiver or not found in his digests," and "enter all such defaults in a book kept for that purpose, to assess and collect thereon a double tax and pay the same over to the comptroller-general and county treasurer, respectively, after deducting single commissions, and to deposit said book with the comptroller-general, and a copy with the ordinary, before the day of final settlement." § 1211. Section 1070 is to be construed with this section. Whenever a tax-collector discovers that land, improved or unimproved, has not been returned for taxation, he shall enter up default in a book kept for that purpose, and he shall assess a double tax on such land, making entry thereon in said book so to be kept by him, and shall collect said tax and pay it over to the proper officer authorized to receive the tax so collected. Construing the above sections relating to the collection of taxes on unreturned property, we reach the conclusion that no execution either in personam or in rem can be issued by a tax-collector in the absence of an assessment; and that in case land is unreturned for taxation and the owner thereof is not known, there must be an assessment of such land for taxation by the receiver and an entry thereof in his digests, particularly describing it, or, in the absence of such assessment by the tax-receiver, there must be an assessment of it by the tax-collector, and an entry of the assessment upon the book required to be kept by him under section 1211. "An assessment of a tax is a final listing of persons and property subject to the tax, with an official estimate of the value of the property of each for the purpose of the tax. It is the final step in the process of 'taxation,' and the one which fixes a definite and enforceable liability upon persons and property for the amount of the tax." 37 Cyc. 987, C, a. Without an assessment execution can not issue and no tax can be collected. "The assessment is an indispensable prerequisite to the validity of a tax against any individual; for without a valid assessment there can be no lawful attempt to collect the tax or to enforce it against any specific property." 37 Cyc. 987, C, b. In the absence of such assessment, a sale of wild land for taxation under section 1070 of the Code, under execution issued by the tax-collector, is void, and conveys to the purchaser no title.

So we are of the opinion that the plaintiff's title to the land in dispute, derived from the sale thereof under an execution issued by the tax-collector, when the land had never been assessed and an

entry of the assessment had never been made upon the receiver's digests, particularly describing it, nor upon the book which tax-collectors are required to keep of unreturned wild land, with a description of this land entered thereon, was void. This being so, the verdict in favor of the defendants was demanded, and it becomes unnecessary to consider any of the assignments of error made by the plaintiff. *Judgment affirmed. All the Justices concur.*