WILSON *et al. v.* WESTER *et al.*

No. 10630.   SEPTEMBER 25, 1935.

*M. F. Adams,* for plaintiffs in error.
*R. C. Whitman, S. T. Wingfield,* and *W. W. Walker,* contra.

ATKINSON, Justice.   A tax-collector issued an execution as follows: "No. 573   Property returned $3200.00   District No. 368. To all and singular, sheriffs, deputy sheriffs, and constables of said

county. You are commanded that of the goods and chattels, if any be found, otherwise of the lands described as follows, to wit: [describing particular realty] in possession of C. E. Carnes, and formerly known as the Rice Place, and returned as Mrs. Mary E. Wester property, the owner of said property being unknown, you make levy and sale thereof the sum of $80.00 for State and county taxes for the year 1931, with interest from date at the rate of 7% per annum, and the further sum of fifty cents for costs; and you are hereby required to return this writ to me with your actings and doings thereon, and the sums aforesaid, within the time required by law. Herein fail not. Given under my hand and seal this the 20th day of December, 1932." An entry of levy on the execution was as follows: "I have this day levied the attached tax fi. fa. on the following property to wit: [describing particular realty], owners being unknown to me now, but in possession of Charley Carnes. This 9th day of May, 1932." The land was advertised by the sheriff to be sold on June 7, 1932, and was knocked off to the county. A deed was executed by the sheriff to the county, and more than twelve months after execution of the deed the county executed a quitclaim deed conveying the property to a third person. Subsequently the person who owned and whose tenant was in possession of the land at the date of the execution, and who had executed a security deed to a third person, neither of whom had parted with his respective interest, brought suit to recover the land and to enjoin cutting timber thereon, and for other relief, based on the ground that the sheriff's sale was void for various reasons. The petition alleged all that is stated above, and: "That plaintiffs deny that the property was returned as Mrs. Mary E. Wester, and say that the said property was not returned. That said property was never returned by plaintiffs nor any one for them." A general demurrer to the petition was overruled, and the defendants excepted.

1. It appears from the face of the paper that the execution involved in this case was not against the person but against the property, and consequently was in rem; also, that the entry of levy was of the same character, without any attempt to describe the interest of the defendant in conformity to the statute (Code of 1933, § 39-103; Code of 1910, § 6026) applicable to executions issued in personam; also, that three months could not intervene be-

tween the date of the levy and the date of sale; also, that the tax-collector knew that the property was in possession of Carnes, and notwithstanding such knowledge issued the execution in rem.

2. It is declared by law: "If there is taxable property, real or personal, in a county, that is not returned by any person to the satisfaction of the receiver, when he comes to conclude his digest, and he does not know the owner, it is his duty to assess and double-tax it, describing it particularly; and the same power is conferred on the tax-collector as to such property, when not assessed or when overlooked by the receiver." Civil Code of 1910, § 1106 (Code of 1933, § 92-6602). "When property which has not been returned by any one is assessed for taxes, as soon as assessed the tax-collector shall at once issue an execution against it for the amount due and costs, and the sheriff shall advertise it for sale in the newspaper in which his sales are advertised, 90 days before the day of sale; and if by said day the taxes are not paid, it shall be sold: provided, renting or hiring will not bring the requisite amount. Whatever surplus there may be after the payment of the taxes and costs shall be paid over to the ordinary as a part of the educational fund, with a statement of the property and account of sales, subject to the claim of the true owner within four years." Civil Code of 1910, § 1168 (Code of 1933, § 92-8103). It appearing that the tax-collector issued the execution in rem while having knowledge that the property was in the possession of Carnes, he exceeded the powers conferred upon tax-collectors by the above-quoted statutes. *Norris* v. *Coley,* 100 *Ga.* 547 (2) (28 S. E. 222); *Cook* v. *Turner,* 167 *Ga.* 671 (146 S. E. 314). It appearing that three months could not have elapsed between the date of the levy and the date of sale, there was non-compliance with the requirement of the statute by the sheriff, the sale was void and did not divest the title of the plaintiffs.

(*a*) Absence of authority to make the assessment in question, and sale by the sheriff of the property so assessed, without compliance with the statute, treated singly or collectively, renders the sale void.

(*b*) The above ruling is controlling, and no ruling will be made upon the assignments of error relating to other attacks upon the sale. The judge did not err in overruling the general demurrer. *Judgment affirmed. All the Justices concur.*