*M. E. Wood* and *Blalock & Blalock,* for plaintiffs.
*Highsmith & Highsmith,* for defendants.

## STEVENS v. DUNCAN, executor.

ATKINSON, Presiding Justice. A testatrix died on September 29, 1934. On application for probate of the will in solemn form there was an issue of whether the sole surviving nominated executor was eligible and competent under the law, and was a proper party to act as such executor. On appeal to the superior court, by consent of counsel the case was submitted to the judge for determination of all questions of law and fact. After introduction of evidence and argument, the judge entered an order admitting the will to record, adjudging that the nominated executor was qualified to execute the will, and directing the issuance of letters testamentary to him. The sole assignment of error was to that portion of the order relating to the qualifications of the executor and directing the issuance of letters testamentary to him. *Held:*

(a) The evidence was such as to authorize a finding that the nominated executor was a fit and proper person to execute the will.

(b) The will devised one third of the estate to the executor, who was a son of the testatrix, one third to another son, two ninths to a niece, and one ninth to a grandson. The court did not err in holding that the nominated executor, though a non-resident, was eligible to serve as such under the law, since he had an interest in the estate of the testatrix.

(c) The eligibility of a non-resident to act as executor of a domestic will is to be determined by the provisions of law at the time the will takes effect. Legislation subsequent to such date, affecting eligibility, will not be construed as intended to give a retrospective operation. *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770), and cit.

(d) "A will shall take effect instantly upon the death of the testator, however long the probate may be postponed." Code, § 113-105.

(e) At the date of the death of the testatrix, to wit, September 29, 1934, the Code of 1933 had not become effective. Act approved March 24, 1933 (Ga. L. 1933, p. 31, sec. 3), and the proclamation of the Governor dated December 14, 1934, a copy of which appears as a prefix to the Code.

(f) The act approved December 12, 1866 (Ga. L. 1866, p. 66), prohibits a resident of another State from qualifying as executor of a domestic will, unless such nominated executor "shall be heir at law of equal, greater, or sole interest of any estate of a deceased citizen of the State of Georgia." This act was not contained in any of the previous Codes of this State, but is now embodied in the Code of 1933, § 113-1206. It became effective on January 1, 1935. In the chapter dealing with the subject of foreign executors it is declared in the Code of 1895, § 3293: "A citizen of the United States may be nominated and act as executor or coexecutor of the will of a deceased citizen of Georgia, when such executor has the interest in the estate of the deceased, and will give the bond and comply with the requirements specified in this Code in cases of non-resident administrators." The same provision is embodied in the Code of 1910, § 3867. Both the Codes of 1895 and 1910 were formally adopted and had the effect of acts of the legislature, and in many instances changed existing law. *Central of Georgia Railway Co.* v. *State*, 104 *Ga.* 831, 853 (31 S. E. 531, 42 L. R. A. 518), and cit. See *Barnes* v. *Carter*, 120 *Ga.* 895 (48 S. E. 387). In the above quotation from these Code sections the word "the," considered with its context, should be construed as "an." Under this construction a foreign executor having an interest in the estate may qualify to act as executor in this State. To this extent the Code sections modified and superseded so much of the act of 1866 as required that such foreign executor should be "heir at law, of equal, greater, or sole interest" of the estate. This is a matter in which the Code sections, properly construed, are in direct conflict with the provision of the act of 1866 just quoted. The specified section of the Code of 1910, being the same as that of the Code of 1895, was the law in vogue at the time of the death of the testatrix, and consequently is controlling in the instant case. For reasons indicated, section 113-1206 of the Code of 1933 does not apply.

(g) It being undisputed that W. P. Duncan had an interest in the estate, it was not erroneous to adjudge that he was qualified to act as executor of the will of his mother, who died a resident of Georgia on September 29, 1934. Code of 1910, § 3867.

(h) Inasmuch as § 113-1206 of the Code of 1933 does not apply to the instant case, it is unnecessary to determine whether, as contended for by counsel for plaintiff in error, the word "equal," as it appears in said section, means equal to the interest of all the other heirs, that is, one half, or whether, as contended for by counsel for defendant in error, it means equal to any other legatee or heir.

*Judgment affirmed. All the Justices concur.*

No. 13022. MARCH 13, 1940.

**732**

*Victor Davidson* and *Carlton Mobley,* for plaintiff in error.

*L. D. Moore,* contra.