19156. SUTTLES, TAX COMMISSIONER, &c. *v.* THE B-X CORPORATION.

DUCKWORTH, Chief Justice. 1. Where the owner of land is known, and the ownership is not doubtful, officers in charge of levying and collecting taxes may not issue an execution in rem against the land. Code §§ 92-6601, 92-6913 (Ga. L. 1937, pp. 517, 521), 92-8102; *Norris* v. *Coley,* 100 *Ga.* 547 (28 S. E. 222); *Equitable Building &c. Assn.* v. *State of Ga.,* 115 *Ga.* 746 (42 S. E. 87); *Justice* v. *Parnin,* 130 *Ga.* 869 (61 S. E. 1044). And when it is in possession of known persons, the tax officials are without authority to issue an execution in rem against the property, since they must at all times use reasonable diligence to ascertain the owner thereof. *Norris* v. *Coley,* supra (2); *Wilson* v. *Webster,* 181 *Ga.* 130 (181 S. E. 657). But when the officials do not know the owner or possessor, it is their duty to assess it and describe it particularly in a default book kept for that purpose. Code §§ 92-6602, 92-6913 as amended, 92-8103; *Leonard* v. *Pilkinton,* 99 *Ga.* 738 (27 S. E. 753); *Equitable Building &c. Assn.* v. *State of Ga.,* supra; *Wiley* v. *Martin,* 163 *Ga.* 381 (136 S. E. 151); *Cook* v. *Turner,* 167 *Ga.* 671 (146 S. E. 314).

2. The act of 1937 (Ga. L. 1937, pp. 517, 521), which more fully and specifically describes the duties of the county board of tax assessors to make assessments as found in Code (Ann.) § 92-6913 does not in any way repeal by implication any of the duties of the tax receiver to make assessments in cases of default under Code § 92-6601, but it merely provides further safeguards to insure that all property shall be taxed.

3. The allegations of the petition here showing, and the answer and stipulations admitting, that the executions were made against named persons whose alleged property was assessed and entered on the "N. O. D. (Not on Digest) Docket of the Tax Commissioner of Fulton County," apparently for the named persons listed therein, there is a presumption that the assessment and return of the property by the taxing authorities of

said county was properly done for the owners rather than that such persons were unknown—there being no evidence showing the contrary; hence the court did not err in construing the executions to be made in personam to be the proper procedure in such cases and in making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1955—DECIDED JANUARY 9, 1956—
REHEARING DENIED FEBRUARY 16, 1956.

*Harold Sheats, Durwood T. Pye, E. A. Wright,* for plaintiff in error.

*Wm. G. Grant, Robert Spears,* contra.