Florence N. ROBBINS and Theodore
Robbins, Appellants,

v.

A. Harvey GOULD, Appellee.

No. 18004.

United States Court of Appeals
Fifth Circuit.

May 2, 1960.

J. Thomas Gurney, Parker Lee Mc-Donald, Orlando, Fla., for appellant.

William D. Jones, Jr., Jacksonville, Fla., A. Max Brewer, Titusville, Fla., David W. Foerster, Jones & Foerster, Jacksonville, Fla., Crofton, Wilson & Brewer, Titusville, Fla., for appellee.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Hugh Nugent, Atty., Dept. of Justice, Washington, D. C., E. Coleman Madsen, U. S. Atty., Miami, Fla., Robert F. Nunez, III, Asst. U. S. Atty., Tampa, Fla., for respondent.

Before CAMERON, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

This appeal is from a summary judgment awarding to A. Harvey Gould, the appellee, the full compensation for certain lands condemned by the United States as part of the Cape Canaveral program. At issue is the title to certain land, known as Tract 1462, DeSoto Beach Resubdivision, in Brevard County, Florida. By answers filed in the condemnation proceeding, the appellants, Florence N. Robbins and her son Theodore Robbins, on one side, and the appellee, A. Harvey Gould, on the other, each claimed the right, as owners of Tract 1462, to receive full compensation there-for. It was stipulated that the issue of compensation should be tried and the compensation paid into the registry of the court pending a resolution of the dispute as to whom the compensation was owing. Following this the appellants and the appellee entered into a stipulation for judgment with the United States fixing compensation for the tract at $31,200.

Thereupon Gould filed a motion for summary judgment. This motion at first was based solely on the answers of Gould and the appellants to the condemnation complaint. In his answer Gould had asserted record title. The appellants, on the other hand, merely asserted whatever right they may have had as the sole and only heirs of Florence N. Robbins' late husband, Rufus M. Robbins.[1]

Both parties filed affidavits and depositions relating to the motion for summary judgment. From these affidavits and depositions the following pertinent history of Tract 1462 may be deduced: In 1917 Tract 1462, as part of a larger tract, was owned by Rufus M. Robbins. In that year the DeSoto Beach Improvement Company, herein referred to as the Company, was formed by Rufus M. Robbins and others. Rufus M. Robbins deeded a large tract of land to the Company in return for 198 of the 200 shares of stock of the Company. In 1922 an instrument was recorded in the Brevard County records which purported to be the minutes of a meeting of all the stockholders of the DeSoto Beach Improvement Company. These minutes recited that the Secretary would have power to execute deeds as fully as if they were signed by both the president and secretary. Rufus M. Robbins was not among those recited as being present at this meeting. Those present were stated to be the owners of "all of the shares of stock which have been issued and are outstanding." D. P. Sias, who in 1922 was secretary and treasurer of and own-

---

[1] The record reflects that Florence N. Robbins and her son Theodore are not the sole heirs of Rufus M. Robbins, but that a daughter of Mr. Robbins, Betty Ann Page, is also an heir. Betty Ann Page has taken no part in the proceedings under review.

er of approximately one third of the shares of stock of the Company, testified on deposition that Rufus M. Robbins, prior to 1922, had sold all his interest in the Company.[2] In 1936 the Company was dissolved. In 1953 title to Tract 1462 was transferred to A. Harvey Gould by a deed signed by the surviving directors of DeSoto Beach Improvement Company as statutory trustees. It is on the basis of this deed that Gould claims title to Tract 1462 and the right to the stipulated compensation. The appellants' claim rests solely on the showing that Rufus M. Robbins in 1917 owned 198 out of 200 shares in the Company which in turn held title to Tract 1462, and on Florence N. Robbins' affidavit stating that

> "My late husband, Rufus M. Robbins, owned and was possessed of substantially all of the outstanding shares of stock of the DeSoto Beach Improvement Company at the time said Company was organized, and to the best of my knowledge and belief, at no time prior to his death did he sell or transfer these shares of stock to any other person or persons."

■ The appellants do not, and in fact could not reasonably, contend that there is any issue of fact regarding the question of title to Tract 1462 raised by the affidavits and depositions in so far as they are summarized above. Record title is shown to be in Gould. Rufus M. Robbins is shown to have disposed of all his interest in the Company,[3] and thus in the land. The affidavit of Florence N. Robbins that "to the best of my knowledge and belief" Rufus M. Robbins did not sell his interest in the Company is not evidence that in fact he did not sell his interest. At best this is nothing more than Florence N. Robbins' opinion given without any demonstrated basis of knowledge. Thus it is insufficient when tested by Rule 56(e) of the Federal Rules of Civil Procedure which requires that, "supporting and opposing affidavits * * * shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." 28 U.S.C.A.

■ In failing to assert that an issue of fact exists as to the possible interest of Rufus M. Robbins in the Company at his death in 1947, the appellants have tacitly admitted the non-existence of any such issue. As to this, the appellants say that the courts will apply the interpleader rule that a claimant must establish some right in himself, and not merely the absence of any right in another.

2. Sias testified as follows:
"Q. Did Judge Smith have anything to do with the transaction by which the Robbins family sold all their interest in DeSoto Beach Improvement Company to you and your associates? A. When I got interested in DeSoto Beach Mr. Robbins owned some property over there.
"Q. Some land? A. Yes, some land we bought him out and paid him cash and he was satisfied. There wasn't any negro in the fence. We bought him out.
"Q. Did he retain any interest in your company? A. No, he didn't."

3. It may be that the copy of the minutes of the meeting of 1922 could have been excluded from the evidence below. Assuming that these minutes constitute a power of attorney which could properly be recorded under Fla.Stat. § 28.22(1), F.S.A. under certain circumstances such a power would be admissible in evidence and would stand as prima facie proof of the truth of the facts therein recited. Fla.Stat. § 92.08, F.S.A. The absence of all the requisites for admission was waived by the failure of the appellants to object to the admission of the power. The power having been admitted it may "be accepted as proof of the issue for which it is tendered," "when it consists of facts, as distinguished from opinions, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself * * *." Vilas v. Vilas, 1943, 153 Fla. 102, 13 So.2d 807, 808. See 104 A.L.R. 1130; McCormick, Evidence § 154 (1954). The disposition by Robbins of his stock is also shown by the unequivocal testimony of the witness D. P. Sias, who stated "We bought him out and paid him cash."

48 C.J.S. Interpleader § 47, p. 100. The correct rule, we think, was stated in an opinion by the late Judge Russell, before he came on this Court. The ruling was, "Considering the contest over the fund [in a proceeding similar to the present one] as in the nature of a contest for land, the opposing contestants are entitled to show outstanding title in a third person without connecting themselves therewith." United States v. 550.6 Acres of Land, D.C., 68 F.Supp. 151, 155. This Court affirmed, sub nom. Shropshire v. Hicks, 5 Cir., 1946, 157 F.2d 767, and adopted the district court's opinion. It is thus clearly the rule that in a condemnation proceeding one may attack the title of another claimant. Though Judge Russell wrote before the passage of Rule 71A made the Federal Rules of Civil Procedure applicable to condemnation proceedings, no reason appears why his statement has thereby lost its validity.

From the foregoing it appears to be indisputable that Gould has shown a right in himself to receive compensation while the appellants have not only shown no such right in themselves, but have also failed to rebut the positive evidence which negates any possibiity that they might have such a right.

The appellants have sought to attack the title of Gould and the sole issue of fact asserted by them to be raised so as to bar granting the summary judgment is the issue of whether Gould procured the deed to Tract 1462 by fraud. Gould's deed was signed by the two surviving directors of the Company, Florence Babcock Rogers and Ralph Boswell. No irregularity is charged in the procuring of Florence Babcock Rogers' signature to the deed. The appellants maintain, however, that Gould's agent, one L. C. Crofton, procured the signature of Boswell through fraud. The deed was signed in 1953. Crofton sought to get Boswell's signature before he got that of Florence Babcock Rogers. Taking the evidence in a light most favorable to appellants, Crofton told Boswell only that the deed

was a quitclaim deed designed to clear up title to part of the DeSoto Beach property. Whatever Crofton said or did not say, however, Boswell refused to sign the deed until it had been signed by Florence Babcock Rogers because, as he put it: "It [the Company] was practically a [Babcock] family affair except for my connection, which was simply a matter of being obliging."

The appellants, as evidence in support of their claim that the deed to appellee was procured by fraud, submitted an affidavit of Boswell which recited.

"I signed a *quick* claim deed for an Attorney by the name of Crofton. Mr. Crofton called on me at my home and told me he wanted me to sign a paper just to clear a cloud on a lot and asked me to sign the deed and gave me $25.00 for my signature. I did not realize that I signed the deed to the DeSoto Oceanfront. I did not have any interest in the DeSoto Beach Improvement Company at the time I signed this paper.

"Mr. Crofton did not tell me for whom he was acting."

Some light is thrown on this affidavit by the following testimony in which counsel for the appellants was examining Ralph Boswell:

"Q. Did Mr. Crofton tell you who his client was? A. I am quite sure he gave me a satisfactory explanation.

"Q. Then this statement is not true that you made? A. The statement I recall—

"Q. Just read the part you, yourself wrote in ink at the bottom of the affidavit. A. Below the affidavit?

"Q. Right at the bottom of it. A. As you presented it to me—

"Q. (Interposing) You wrote that yourself. A. Yes, but as you presented it to me it was—(Directed to the Reporter) Will you read that part with the line through it for me?

"The Reporter: (Reading from affidavit) 'And Mr. Crofton did not tell me just what I was signing.'

"The Witness: (Continuing) And I said I won't sign that because that would make Mr. Crofton out a liar.

"Q. Read the part you wrote in ink. A. (Directed to the Reporter) Will you read that part for me.

"The Reporter: 'Mr. Crofton did not tell me for whom he was acting.'

"Q. Is that true? A. I believe I was mistaken in making that statement.

"Q. Then he did tell you for whom he was acting? A. I presume he did."

■■■ The appellants, in their brief, citing 14 Fla.Jur. 531, recognize that actionable fraud requires the concurrence of four elements: "(1) a false statement concerning a specific material fact; (2) the representer's knowledge that the representation is false; (3) an intention that the representation induce another to act upon it; and (4) consequent injury by the other party acting in reliance upon the representation." It may be that Boswell's statement in his affidavit that Crofton did not tell him for whom he, Crofton, was acting, is the truth, rather than the contrary as indicated in Boswell's deposition. Even so, no concealment of a material fact is shown. Boswell's testimony, which does not in any manner conflict with any of his other statements or with those of any other person, clearly shows that Boswell would not have refrained from signing a deed had he known Crofton was acting for Gould. It is also clearly shown that Boswell signed the deed because Florence Babcock Rogers had signed. Such conflicts as there may be in the statements do not create issues of material fact. An evidentiary difference as to an immaterial matter will not bar a summary judgment. The appellants have not met the test. The elements of fraud are not shown. This the appellants seem to realize, for in their brief they say:

"It is difficult to point to specific statements, and instances of specific acts, as reflected by the several affidavits and depositions which form the record in this cause, and say that any one particular act or statement is, in the abstract, sufficient by itself to constitute fraud so that the deed might be voided. Appellant looks to the entire record as a whole, for the record reflects throughout its body those circumstances which color the effect of the transfer of the subject property."

We agree that it is not only difficult but impossible to find any specific instance of fraud in the record. Nor does an examination of the record as a whole produce a different result.

There being no disputed issue of material fact raised on this record, and good title of record having been shown to be in Gould, it was proper for the district court to grant the motion for summary judgment.

■■■ Two other matters remain to be noted. First, the appellants complain that their counsel was not given adequate time to prepare his case. The original complaint was filed by the United States in April, 1958. The answer of the appellants was filed in September, 1958. After the stipulation for judgment as to just compensation and after Gould's motion for summary judgment was filed on February 3, 1959, the original counsel of appellants, on March 5, 1959, was allowed, on motion, to withdraw. On April 23, 1959, the appellants hired present counsel, who secured a ten-day continuance for filing proofs opposing the motion for summary judgment, the hearing on which had been set for April 24. On May 5, 1959, the appellants filed the affidavits relating to the interest which Rufus M. Robbins at one time had in the Company. On May 14, 1959, the continued hearing was held and summary judgment granted. The appellants say the district court erred in granting only a ten-day continuance. But counsel for the appellants did not object to the

ten-day limit set by the court, nor did he request more time. No prejudice or abuse of discretion is shown. The district court did not err in this regard.

 Finally, the United States as amicus curiae has filed a brief in this court stating that it has filed a motion below to vacate the judgment. The motion to vacate is based on the fact that the stipulation for judgment as to just compensation was not approved by the Justice Department. The matter presented is not one on which this Court can act.

As to the issues raised on this appeal and for the reasons stated, the judgment must be

Affirmed.